UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR JACKSON,

    Plaintiff,

v.

CATHERINE BAUMAN, et al.,

    Defendants.
_____/

Case No. 2:20-cv-246

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights action filed in December 2020 pursuant to 42 U.S.C. § 1983. Defendant Correction Officers (COs) Unknown Smutek, Perkins, Mitchell, and Kenyon moved for partial summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies for the retaliation claims against Smutek, Perkins, and Mitchell and deliberate exposure claim against Kenyon that remain in the case, claims that arise out of the COVID-19 pandemic. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court grant Defendants' motion and dismiss Plaintiff's retaliation and deliberate exposure claims (R&R, ECF No. 38). This action is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF Nos. 42 & 44), to which Defendants filed a response (ECF No. 46). Plaintiff also filed an "objection" in reply to Defendants' response (ECF No. 48).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV.

---

[1] As the Magistrate Judge previously noted, Plaintiff was not entitled to file a reply to Defendants' response under FED. R. CIV. P. 72(b)(2) (*see* Obj., ECF No. 48; *see* 9/7/22 Order, ECF No. 63 at PageID.530). To the extent Plaintiff's reply to Defendants' response set forth "an entirely new constitutional claim against a non-defendant," and sought sanctions, it was denied as improper (*see*

P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons that follow, this Court denies Plaintiff's objections and issues this Opinion and Order.

## I. Grievances Presented to the Magistrate Judge

Defendants' motion for partial summary judgment relied on Plaintiff's Step III Grievance Report and, specifically, seventeen Step III grievances Plaintiff filed between when his claims allegedly arose and when he filed his Complaint (*see* ECF No. 35-3; ECF No. 35-4). Defendants argued, and the Magistrate Judge agreed, that only three of the seventeen Step III grievances were relevant to this lawsuit, namely: NCF-20-04-0182-28C (**NCF-182**), NCF-20-04-0183-28B (**NCF-183**), and NCF-20-04-0156-02F (**NCF-156**) (R&R, ECF No. 38 at PageID.424–427). Defendants further argued, and the Magistrate Judge agreed, that only NCF-156 exhausted any claims against Defendants, and that NCF-182 and NCF-183 did not exhaust any claims because they were rejected during the grievance process and did not name any Defendants (*id.* at PageID.427; see ECF No. 35-4 at PageID.386–395).² Plaintiff does not offer any challenge to the Magistrate Judge's analysis of these three grievances. Plaintiff states only that "Defendants, were wrong, to mislead the magistrate, as to using (a) NCF-20-04-183-28B, which had only to do with their retaliations of a reprisal act, which violated M.D.O.C.'s PD-03.02.120(K) later turned into, section

---

*id.*). Further, any reply under Rule 72 is required to be filed with leave of court under Local Civil Rule 7.3. *See* W.D. Mich. LCivR 7.3. The Court nonetheless considers Plaintiff's reply in its resolution of this matter, to the extent it addresses matters properly before this Court. In addition, as previously explained by this Court, Defendants' reply was received by this Court on July 18, 2022, in an envelope dated July 14, 2022. As such, Plaintiff's request for an extension of time to file his reply (ECF No. 49) is dismissed as moot.

² The Magistrate Judge acknowledged that Plaintiff failed to respond to Defendants' motion for summary judgment, and "examine[d] the movant's motion for summary judgment to ensure that he has discharged his initial burden" (R&R, ECF No. 38 at PageID.419, 427–428) (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

(L), which states … A grievant shall not be penalized in any way for filing grievances except as provided in this policy for misusing the grievance process. …" (ECF No. 42 at PageID.436). However, Plaintiff does not specify any factual or legal error in the Magistrate Judge's conclusion that the grievance NCF-183 was rejected as vague and did not name any Defendant, and thus did not serve to exhaust Plaintiff's retaliation claim.

## II.  Grievances Not Presented to the Magistrate Judge

Although only three grievances were the subject of the Magistrate Judge's Report and Recommendation, Plaintiff's objections implicate over 78 alleged grievances.  Plaintiff generally challenges the Magistrate Judge's determination that Plaintiff failed to exhaust his claims against Defendants (Obj., ECF No. 42 at PageID.435–436; Obj., ECF No. 44 at PageID.442, 455).  As a threshold matter, Plaintiff's argument fails to demonstrate any error in the Magistrate Judge's exhaustion analysis that requires a result different from the Magistrate Judge's recommendation. The Magistrate Judge accurately set forth the exhaustion requirements governing Plaintiff's claims.  As the Magistrate Judge explained, prisoners in Michigan Department of Correction (MDOC) custody must generally exhaust their administrative remedies through the prison grievance procedures (R&R, ECF No. 38 at PageID.419–423).  The Magistrate Judge also addressed those circumstances when the grievance process is considered unavailable, for example, where prison administrators thwart inmates from taking advantage of a grievance process through "machination, misrepresentation, or intimidation", as well as the requirement that prisoners exhaust other administrative remedies that are available before filing a federal lawsuit (*id.* at PageID.420, 423) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)).

Moreover, as the Magistrate Judge properly stated,  "to the extent that additional grievances were pending at the time [Plaintiff] filed his [C]omplaint, those grievances cannot serve to exhaust

[Plaintiff]'s claims" (R&R, ECF No. 38 at PageID.427) (citing *Roberts v. Lamanna*, 45 F. App'x 515, 516 (6th Cir. 2002) (explaining that a plaintiff cannot exhaust administrative remedies "during the pendency of the action")).  Further, the Magistrate Judge noted that grievances that "did not adhere to MDOC policy," similarly cannot "serve to exhaust [Plaintiff]'s retaliation claim" (*id.*).  Accordingly, to the extent the grievances Plaintiff references were pending or occurred outside of the relevant time period of Plaintiff's allegations in his Complaint, were rejected, and/or do not name any Defendant, the grievances cannot serve to exhaust Plaintiff's claims in the instant action, and Plaintiff's objections on these grounds are properly denied.

Throughout his objections, Plaintiff also specifically cites to three additional grievances as evidence that he did in fact exhaust his administrative remedies (*see* Obj., ECF No. 42 at PageID.435–436, 437; Obj., ECF No. 44 at PageID.442–443; Obj., ECF No. 48 at PageID.474–475).  The Court will address each grievance in turn.

*NCF-21-06-153-15B* (**NCF-153**) (dated June 25, 2021) ("retard of legal mail via, Defendants' Colleagues acting in concert, retaliatory") (*see* Obj., ECF No. 42 at PageID.436; Obj., ECF No. 44 at PageID.442).  First, this grievance falls outside of the relevant time period of Plaintiff's allegations and cannot serve to exhaust his claims.  Second, this grievance was not raised by Plaintiff nor included in Plaintiff's Step III grievance report, and thus was not properly before the Magistrate Judge.  As such, Plaintiff's "objection" on these factual issues is deemed waived.  *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate); *United*

4

*States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing cases holding that issues raised for first time in objections to magistrate judge's report and recommendation are deemed waived).

*NCF-21-07-184-28C* (**NCF-184**) (dated August 7, 2021) ("'harassed and retaliated' against by Defendant Kenyon via a mock pack up, in which he ordered me to put my legal material in a garbage bag, so that, he could take it") (*see* Obj., ECF No. 42 at PageID.436). First, this grievance falls outside of the relevant time period of Plaintiff's allegations and cannot serve to exhaust his claims.[3] Second, this grievance was not raised by Plaintiff nor included in Plaintiff's Step III grievance report, and thus was not properly before the Magistrate Judge. As such, Plaintiff's "objection" on these factual issues is deemed waived. *See Murr*, 200 F.3d at 902, n.1; *Waters*, 158 F.3d at 936.

*NCF-20-10-451-28C* (**NCF-451**) (dated October 8, 2020) ("retaliation of Kenyon, sending my person to health service twice, without health service, calling for me and, while the facility was on lockdown") (*see* Obj., ECF No. 42 at PageID.432, 437; Obj., ECF No. 44 at PageID.443; Obj., ECF No. 48 at PageID.474). This grievance is the only grievance that occurred during the relevant time period in Plaintiff's Complaint before he filed suit, and Plaintiff contends that it was exhausted (*see* R&R, ECF No. 38 at PageID.417–418; *see also* ECF No. 44 at PageID.447). However, this Court's review of the record shows that the grievance was not resolved on Plaintiff's Step III Grievance Report as of March 11, 2021 (*see* ECF No. 35-3 at PageID.266). Further, the Magistrate Judge considered Plaintiff's allegations in his Complaint related to NCF-451 (*see* R&R, ECF No. 38 at PageID.417–418). The Magistrate Judge observed that Plaintiff alleged "that on

---

[3] Further, Plaintiff's own grievance chart reflects that "No step III response to it duly sent" (*see* ECF No. 44 at PageID.450). As the Magistrate Judge determined, review of Plaintiff's Step III grievance report and the record "reflect that [Plaintiff] did not pursue any grievances against CO Kenyon through all three steps of the grievance process" (R&R, ECF No. 38 at PageID.427). Thus, even if relevant or timely, this grievance does not compel a different result.

5

two occasions in October 2020, CO Kenyon sent him to health services … [Plaintiff] believes that this exposure was deliberate. Although [Plaintiff] does not specifically allege that he contracted COVID-19, he provided the copy of a test result which shows that he tested positive for COVID-19 in early December 2020" (*id.* at PageID.417–418).  In his objections, Plaintiff does not specify any error in the Magistrate Judge's analysis or why the grievance would require a result different from the Magistrate Judge's conclusion.  This Court's review of the record shows that the grievance was not resolved through Step III of the grievance process, and thus cannot serve to exhaust Plaintiff's claims in the instant suit.

### III.  Plaintiff's New Chart of Grievances

Plaintiff also states that he has "filed over 78 grievances here, thus object to the Magistrate's Report and Recommendation" (Obj., ECF No. 42 at PageID.437) and attaches a grievance chart spanning almost 12 pages without any analysis as to the relevant grievances that support his objection or claims (Obj., ECF No. 44 at PageID.443–454).  Plaintiff provides only conclusory statements that at least five additional grievances from 2021 (#36, #41, #51, #56, and #61) in Plaintiff's chart are relevant and show that his claims were exhausted (*see id.* at PageID.456; ECF No. 44-1 at PageID.462), in addition to those raised elsewhere in his objections (NCF-156 and NCF-451).  As discussed above, the Magistrate Judge considered NCF-156 in his Report and Recommendation, and Plaintiff again fails to specify or offer any analysis that shows error in the Magistrate Judge's conclusion.  Upon review of the chart provided by Plaintiff and based on Plaintiff's own representations as to the additional grievances, a majority are not relevant to the Defendants or claims in the instant action, or fall outside of the relevant time period in Plaintiff's Complaint, and some reflect that they were "missing", "sabotaged", "obstructed", or otherwise unresolved through Step III of the grievance process without additional detail (*see* Obj.,

6

ECF No. 44 at PageID.443–454).  For the reasons discussed elsewhere in this Opinion, these grievances were not properly before the Magistrate Judge and cannot serve to exhaust Plaintiff's claims.  Additionally, as the Magistrate Judge observed, Plaintiff still has not "clarified the contents of the missing or stolen grievances and his grounds for believing that they were stolen in a manner sufficient to raise a genuine issue of fact as to whether his exhaustion efforts were thwarted" (R&R, ECF No. 38 at PageID.428).

Even if Plaintiff's objections on these issues were not deemed waived, Plaintiff's objections lack merit.  The Magistrate Judge acknowledged that "in a few places in his compliant [sic], [Plaintiff] made vague allegations that grievances were missing, were still pending, or were stolen. … But [Plaintiff] did not specify what those grievances pertained to, nor his grounds for asserting that they were missing or stolen" (R&R, ECF No. 38 at PageID.427) (citing Compl., ECF No. 1 at PageID.14, 16).  Plaintiff's objections similarly fail to specify how the grievances pertain to his instant claims, his grounds for asserting that they were missing or stolen, or otherwise provide any argument or analysis as to why they require a different conclusion from that of the Magistrate Judge.  As Defendants state in their response, Plaintiff's objections do not specifically reference—let alone identify error in—the Magistrate Judge's exhaustion analysis (Defs. Resp., ECF No. 46 at PageID.470).  *See* W.D. Mich. LCivR 72.3(b) (instructing that an objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections").

Last, to the extent Plaintiff's objections imply that the Magistrate Judge overlooked evidence that Plaintiff submitted indicating that he had filed grievances and exhausted his claims, his objection lacks merit.  This Court's review of the record shows that the Magistrate Judge

7

thoroughly considered and analyzed the evidence submitted by Plaintiff, and the Magistrate Judge determined that the evidence was not properly before the Court or was insufficient to demonstrate a genuine issue of fact (R&R, ECF No. 38 at PageID.427–428).  Plaintiff's mere disagreement with the Magistrate Judge's findings does not serve to demonstrate error.  As stated in Defendants' response, objections that merely restate arguments or merely disagree with the Magistrate Judge's determination of the case are considered general objections and lack merit (Defs. Resp., ECF No. 46 at PageID.470) (citing *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 508–509 (6th Cir. 1981) (objections that fail to "specify[] a single issue of contention" are "[a] general objection to the entirety of the magistrate's report [which] has the same effects as would a failure to object")); *see also, e.g., Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious") (quotation and citation omitted).

For these reasons, Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion that the record entitles Defendants to partial summary judgment on Plaintiff's retaliation claims against Defendants Smutek, Perkins, Mitchell and deliberate exposure claim against Defendant Kenyon.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Plaintiff's retaliation claims against Defendants Smutek, Perkins, and Mitchell, and Plaintiff's deliberate exposure claim against Defendant Kenyon, are dismissed.  Plaintiff's failure to protect and equal protection claims against Defendants Smutek, Perkins, and Mitchell remain.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 42, 44 & 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 38) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's request for an extension of time to file his reply (ECF No. 49) is DISMISSED AS MOOT.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 34) is GRANTED; Plaintiff's retaliation claims against Defendants Smutek, Perkins, and Mitchell are DISMISSED WITH PREJUDICE and Plaintiff's deliberate exposure claim against Defendant Kenyon is DISMISSED WITH PREJUDICE.

Dated:  September 21, 2022              /s/ Jane M. Beckering
                                                     JANE M. BECKERING
                                                     United States District Judge