UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR JACKSON,

    Plaintiff,

v.

CATHERINE BAUMAN, et al.,

    Defendants.
_____/

Case No. 2:20-cv-246

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff initiated this prisoner civil rights action against ten Defendants, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his cleaning of bathrooms that may have been infected with COVID-19 (ECF No. 1 at PageID.3–4, 8–26). Defendant Correctional Officers John Smutek, Shawn Perkins, and William Mitchell (collectively, "Defendants") moved for summary judgment on the Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against them that remain in this case (ECF No. 84). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion (ECF No. 94). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 97). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge concluded that no genuine issue of material fact exists regarding Plaintiff's Eighth and Fourteenth Amendment claims (R&R, ECF No. 41 at PageID.736).

Specifically, the Magistrate Judge determined that Defendants established that they acted reasonably in response to the risks posed by the COVID-19 pandemic (*id.*). The Magistrate Judge further determined that even assuming Defendants gave Plaintiff "different cleaning instructions than they gave to a porter of a different race, nothing on the record suggests that Defendants acted with discriminatory intent" (*id.*). Alternatively, the Magistrate Judge determined that Defendants are entitled to qualified immunity (*id.* at PageID.749).

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

Plaintiff makes eleven objections to the Report and Recommendation. First, Plaintiff argues that his affidavit and "witness affidavit are genuine issues of material facts," because Defendant Perkins' statements will result in perjury if he is under oath in this Court (Pl. Obj., ECF No. 97 at PageID.754). Plaintiff's argument is misplaced. Plaintiff fails to point to any genuine issue of material fact that the evidence in his or Defendant Perkins' statements creates or to demonstrate any error by the Magistrate Judge. Assuming that Plaintiff's reference to the witness affidavit refers to Defendant Perkins' affidavit, the Magistrate Judge considered Defendant Perkins' affidavit and the potential fact issue that it created (ECF No. 85-4) in determining that there is no genuine issue of material fact with respect to Plaintiff's deliberate indifference claim (R&R, ECF No. 94 at PageID.743 n.2). Plaintiff's first objection is therefore properly denied.

Second, Plaintiff argues that he is still bleeding when he urinates and defecates and will submit an affidavit to so declare (Pl. Obj., ECF No. 97 at PageID.754–55). Plaintiff's second

objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's determination. Plaintiff's second objection is therefore properly denied.

Third, Plaintiff argues that due to Defendants' actions, he was "retaliatory [sic] transferred to a smaller unit where [he] later contracted the COVID-19 virus" (Pl. Obj., ECF No. 97 at PageID.755). According to Plaintiff, his grievances regarding the smaller unit constitute genuine issues of material fact (*id.*). Plaintiff's third objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's determination. Plaintiff's third objection is therefore properly denied.

Fourth, Plaintiff argues that he was illegally and unconstitutionally restrained, which constitutes "false imprisonment, kidnap, slavery and involuntary servitude" (Pl. Obj., ECF No. 97 at PageID.756). Plaintiff further argues that the Court "failed to assert that jurisdiction existed to convey [his] person to a third party, such as the [Michigan Department of Corrections] MDOC" who injured him (*id.* at PageID.757). Plaintiff's fourth objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's determination. Plaintiff's fourth objection is therefore properly denied.

Fifth, Plaintiff argues that the Magistrate Judge's Report and Recommendation "must fail" pursuant to Federal Rule of Civil Procedure 72 (Pl. Obj., ECF No. 97 at PageID.757). Plaintiff summarizes the legal standard for objections to reports and recommendations but does not provide any basis on which he objects (*see id.* at PageID.757–59). Plaintiff's fifth objection is therefore properly denied.

Sixth, Plaintiff cites precedent for the proposition that "an objection is duly filed to [sic] alleged with specificity the willful use of false testimony in defendant's affidavit. The district judge may accept, reject or modify the recommendation disposition [to] review further evidence or return

the matter to the Magistrate Judge with instructions" (Pl. Obj., ECF No. 97 at PageID.759). Plaintiff further states that objections must state with particularity the specific portions of the Magistrate Judge's Report and Recommendation to which an objection is made (*id.* at PageID.759–60). Plaintiff does not identify any error in the Magistrate Judge's review of evidence. Further, although Plaintiff states requirements for objections to reports and recommendations, Plaintiff's sixth objection does not fulfill those requirements because it does not state any portion of the Magistrate Judge's Report and Recommendation to which it objects. Plaintiff's sixth objection is therefore denied.

Seventh, Plaintiff argues that the Magistrate Judge erred in determining that Defendants did not act with deliberate indifference to inmate health or safety because Plaintiff showed that Defendants were deliberately indifferent by incarcerating him against his will and subjecting him to a substantial risk of serious harm (Pl. Obj., ECF No. 97 at PageID.760). Plaintiff's argument lacks merit. The Magistrate Judge determined from Plaintiff's own statements as well as Defendants' sworn affidavits that there is no genuine issue of material fact that Defendants did not act with deliberate indifference because "Defendants' actions do not display a state of mind 'akin to criminal recklessness'" and Defendants "acted reasonably" (R&R, ECF No. 94 at PageID.741–45). Although Plaintiff disagrees with the Magistrate Judge's assessment of the evidence in the record, his disagreement fails to demonstrate any error by the Magistrate Judge. Plaintiff's seventh objection is therefore properly denied.

Eighth, Plaintiff objects to the Magistrate Judge's determination that there are no genuine issues of material fact that Defendants acted with racially discriminatory intent with respect to his Fourteenth Amendment claim (Pl. Obj., ECF No. 97 at PageID.761–62). Plaintiff emphasizes that race is the only difference between him and the porter whom Defendants instructed to wait an hour before cleaning the showers (*id.*). Again, the Magistrate Judge properly applied the standard for

4

resolving summary judgment motions, and Plaintiff's mere disagreement does not demonstrate an error in the Magistrate Judge's determination that discriminatory intent was not established. Plaintiff's eighth objection is therefore properly denied.

Ninth, Plaintiff objects to Defendants' partial use of depositions (Pl. Obj., ECF No. 97 at PageID.762–63). Plaintiff argues that the full depositions reveal that both himself (an African American man) and the white porter to whom he compares himself worked together and were subjected to every staff member (*id.*). Plaintiff's ninth objection makes no reference to the Magistrate Judge's Report and Recommendation, let alone demonstrates any error in the Magistrate Judge's determination. Plaintiff's ninth objection is therefore properly denied.

Tenth, Plaintiff objects to the Magistrate Judge's conclusion that Defendants are entitled to qualified immunity, arguing that Plaintiff has introduced sufficient evidence that Defendants violated his clearly established constitutional rights (Pl. Obj., ECF No. 97 at PageID.763–65, referencing R&R, ECF No. 94 at PageID.748). Again, Plaintiff's mere disagreement fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Moreover, as the Magistrate Judge explained, his conclusion that there is no genuine issue of material fact regarding whether Defendants violated a clearly established constitutional right concomitantly supports the alternative conclusion that Defendants are entitled to qualified immunity. Plaintiff's tenth objection is therefore properly denied.

Last, Plaintiff argues that the Court's job is not to conduct a "free-wheeling examination" of the entire Report and Recommendation, but only the specific objections that a party has advanced to some identified portion of it (Pl. Obj., ECF No. 97 at PageID.765–66). Plaintiff's objection references the standard for objections to reports and recommendations but does not point to a specific objection a specific portion of the Report and Recommendation. Plaintiff's eleventh objection is therefore also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Additionally, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Pursuant to 28 U.S.C. § 1915(a)(3), the Court declines to certify that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 97) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 94) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 84) is GRANTED.

**IT IS FURTHER ORDERED** that the Court declines to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  January 26, 2024              /s/ Jane M. Beckering
                                      JANE M. BECKERING
                                      United States District Judge